STANLEY CIECHANOWSKI ET AL., PROSECUTORS, v. CHARLES A. BURKETT ET AL., DEFENDANTS.

Argued December 12, 1940—Decided December 13, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutors, *Vincent L. Gallaher* and *Firmin Michel.*

For the defendants, *Benjamin F. Friedman.*

PER CURIAM.

This is on the return of a rule to show cause why a writ of *certiorari* should not issue to review an order made in the Camden Common Pleas directing a recount of votes cast in the last general election. The contention is that the deposit required to be made by the statute was not made within time.

*R. S.* 19:28-2 provides:

"Any applicant or group of applicants, as the case may be, for such recount, upon applying therefor, shall deposit with the county clerk or such other public officer or officers as such justice or judge shall direct, such sum of money proportioned to the number of votes to be counted but not exceeding twenty-five dollars for any one district recount of which is asked, as the justice or judge shall order as security for the payment of the costs and expenses of the recount in case the original count be confirmed. Such justice or judge shall fix and determine the amount of compensation to be paid for making the recount, and the costs and expenses thereof. * * *"

The contention of the prosecutors is that this language requires that the deposit be made before or simultaneously with the application for recount, or before the signing of the order, or, at least, that it must be made within the time limited for the application for recount, namely, the second Saturday after election. In the instant case, the application for recount was made on the last day permitted by the statute, namely, November 16th, 1940, and the order fixed November 27th, 1940, at ten o'clock in the forenoon for the recount, and required the making of a deposit of $2,000 with the county clerk "before said recount is made." The deposit was made on November 19th, three days after the making of the application and the signing of the order, and before the recount began.

We are of the opinion that this section of the statute does not require the deposit to be made before or simultaneously

with the application for recount, nor that it be made on or before the last day for applying for a recount. The judge to whom the application is made is required to give the matter consideration and fix the amount of the deposit, within the limit of the statute. We conclude that when the deposit is required to be made before the recount begins and within a reasonable time after the making of the order fixing the amount of the deposit, the order for recount is not void.

The application is denied and the rule discharged, without costs.